B J Fadem Esq.    SBN: 118819*
* Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq.  SBN: 262783
Corrine Gaxiola, Esq.   SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street,  Suite 910
San Jose, CA  95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br>      Petitioner,<br><br>vs.<br><br>VALERIA EGUIGUREN LABORDE,<br>      Respondent. | Case No.: 2:13-cv-01175-JAM-EFB<br><br>PETITIONER'S RESPONSE TO RESPONDENT'S EMERGENCY MOTION REGARDING ACCESS TO CHILD AND STAY OF STATE COURT PROCEEDINGS,<br><br>Trial Date:   12/2/2013<br>Courtroom:    6<br>Honorable John A. Mendez |

**PETITIONER'S RESPONSE TO RESPONDENT'S EMERGENCY MOTION REGARDING STAY OF STATE COURT PROCEEDINGS**

The Convention on the Civil Aspects of International Child Abduction, done at the Hague

On October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Answer to Respondent's Emergency Motions
Page 1

This Emergency Ex Parte Request for an order to place the minor child, S.C. with Petitioner pending trial and determination of this matter, or in the alternative, an order for the minor child to be place with Petitioner for a portion of the period pending trial and determination of this matter. is filed by Petitioner DANIEL CARLOS CHIRAMBERRO LARRATEGUI for the limited purpose of ordering that the minor child be placed in Petitioner's care for all or a portion of the period pending trial and issuance of orders from this Court. As grounds for this Motion, Attorney for Petitioner states as follows:

1. The named Petitioner in this action is the Petitioner in a Petition for Return of Child (the "Petition"), filed in the United States District Court District of the Eastern District of California, before the Honorable John A. Mendez. The Petition, filed on October 10, 2013 herein.
2. This matter was initiated through the Central Authority of Argentina, the Central Authority of the United States, resulting in the District Attorney for San Joaquin County filing a Petition for Immediate Return of the Minor Child Pursuant to the Convention on Civil Aspects of International Child Abduction.
3. An order to locate and pick up the child was issued by the Superior Court of California, County of San Joaquin.
4. Respondent, by and through her attorneys, removed the Hague action to Federal Court. Upon notice of said removal, the Superior Court of California – County of San Joaquin issued an order of stay of the State court proceedings pending disposition of the Federal proceedings.
5. Accordingly, Respondent's Emergency Request is redundant.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Answer to Respondent's Emergency Motions
Page 2

# PETITIONER'S OBJECTION & RESPONSE TO RESPONDENT'S EMERGENCY MOTION REGARDING ACCESS TO CHILD

1. Petitioner hereby objects to the documents attached to Respondent's Emergency Motion as Hearsay. Article 30 of the Convention On The Civil Aspects Of International Child Abduction provides an exception to the Hearsay Rule narrowly: "Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States." [Article 30 of the Convention On The Civil Aspects Of International Child Abduction] The documents submitted are not submitted with the application or answer.

2. Respondent has wrongfully retained the minor child, S.C. in the United States since January 29, 2013.

3. It is undisputed that the minor child has been in Petitioner's sole custody since 2007.

4. It is also undisputed that Argentina issued a custody order in September 27, 2010 granting full custody of the minor child to Petitioner *and* an order that Respondent has *visitation* with the minor child in the United States from December 13, 2012 until January 29, 2013, *and* that Argentina has issued a Declaration pursuant to Article 15 of the Hague Convention declaring Argentina to be the habitual residence of the minor child; as well as an order for the immediate return of the minor child.

5. Respondent once again, by and through her "Emergency Motion" submits psychological evaluation reports and seeks for this Court to weigh and determine the "best interest" of

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Answer to Respondent's Emergency Motions
Page 3

1      the minor child in denying Petitioner access to their daughter pending trial and

2      disposition of this matter.

3    6. Respondent has absolutely no legal grounds to prevent such access to the minor child.

4      She has no orders from any judiciary granting her current custody of the minor child.

5      Therefore, Respondent is attempting to cloak her request for this court to prematurely

6      review psychological evaluations, etc. and render a decision that can only be based upon

7      this Court determining the "best interest" of the minor child. Such determination is

8      inappropriate in a Hague Petition for Return of Minor Child. [Giampaolo v. Erneta, 390

9      F.Supp.2d 1269 (N.D. Ga., 2004); Núñez-Escudero v. Tice-Menly, 58 F.3d 374,377 (8th

10     Cir. 1995)]

11    7. The minor child has been isolated from her Father [who she has been with since birth –

12      solely his care from 2007 until December 12, 2012] since January 29, 2013. His only

13      contact or communication has been electronic, telephone and/or skype.

14    8. However, because "best interest" cannot be weighed and/or considered in these

15      proceedings, Respondent's Exhibits attached to her Emergency Motion are irrelevant as

16      well as hearsay.

17    9. Furthermore, Respondent makes allegations knowing that Petitioner is unavailable due to

18      his travel to the United States for the Trial – and her "information" is inaccurate.

19      Petitioner plans to arrive in the United States [Sacramento] *with his Argentina attorneys*

20      on Wednesday, November 27, 2013 for the trial.

21   10. Without considering any issues of "best interest" or weighing a psychological evaluation

22      or report; Respondent has absolutely no legal grounds to retain the minor child, let alone

23      refuse access to Petitioner.

24

Larrategui vs. Laborde  
2:13-cv-01175-JAM-EFB

Petitioner's Answer to Respondent's Emergency Motions  
Page 4

11. The District Attorney for the County of San Joaquin continues to hold the passport for the minor child.

Accordingly, Petitioner respectfully requests that the Court deny Respondent's Emergency Motion Regarding Access to the Minor Child.

Dated: 11/25/2013

Respectfully submitted,
*LAW OFFICES OF B J FADEM & ASSOCIATES, APC*

By: B J Fadem, Esq.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Answer to Respondent's Emergency Motions
Page 5