B J Fadem Esq.   SBN: 118819*
* Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq. SBN: 262783
Corrine Gaxiola, Esq.   SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street, Suite 910
San Jose, CA 95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br>Petitioner,<br><br>vs.<br><br>VALERIA EGUIGUREN LABORDE,<br>Respondent. | Case No.: 2:13-cv-01175-JAM-EFB<br><br>PETITIONER'S IN LIMINE MOTION TO DISMISS RESPONDENT'S COUNTER PETITION<br><br>Trial Date:   12/02/2013<br>Courtroom:   6<br>Judge John A. Mendez |

I.

**INTRODUCTION**

THE FOLLOWING RELEVANT FACTS ARE UNDISPUTED:

1. Petitioner is the Father and Respondent is the Mother of the minor child, S.C., born in Buenos Aires, Argentina on December 12, 1999. [Respondent's Amended Answer to Petition for Return of Child, p.3:6-10]

2. Petitioner and Respondent separated in 2002. [Respondent's Counter Petition, p. 10:4-5]

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 1

3. Mother left Argentina for the United States in May of 2007. [Respondent's Counter Petition, p. 10:18-19]

4. The parties' minor child, S.C. remained in Argentina with Petitioner. [Respondent's Counter Petition, p. 10:18-20]

5. In September 2010, Petitioner was granted full custody of S.C. by the Argentine Court. [Respondent's Amended Answer to Petition for Return of Child, p. 5:21-23; and certified copy and certified translation of Argentine Order executed September 24, 2010 and filed September 27, 2010]

6. Respondent appeared and acquiesced to Argentina jurisdiction in September 2010: "On pages nine hundred seventy-nine, the defendant's attorney appears, by virtue of power of attorney attached to pages seven hundred and nine (see pages one thousand/one thousand fourteen), and accepts custody complaint, voluntary dismissing the counterclaim posed." [Certified Translation of September 2010 Order]

7. Even the minor child, S.C. was represented during the September 2010 proceedings: "On pages nine hundred and eighty-one the Counsel of Minors and Disabled issues her opinion, requesting that, in consideration of that required by the parties, a judgment be passed." [Certified Translation of September 2010 Order]

8. The parties have been litigating the issue of custody in re S.C. *in Argentina* for six (6) years. [Respondent's Counter Petition, p. 13:1-2]

9. Respondent filed *in Argentina* a request for change of custody in June 2012 and it was denied. [Respondent's Counter Petition, p. 17:14-23]

10. In November 2012, Respondent petitioned the *Argentina* court to allow her to travel to the United States with S.C. *for a visit* from December 13, 2012 until January 29, 2013.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 2

An Order granting such visit was issued by the Argentine Court on November 29, 2012. [Certified Copy and Certified Translation of Argentina Order dated November 29, 2012; Respondent's Counter Petition, p. 18:22-24]

11. On April 23, 2013, Argentina issued a declaration and certificate pursuant to Section 15 of the Agreement on Civil Aspects of International Child Abduction declaring Argentina to the be the habitual residence of the minor child, S.C. [Certified Copy and Certified Translation of the Article 15 Certificate issued by Argentina on April 23, 2013]

12. Respondent brought an appeal *in Argentina* in November 2013. Respondent therein represented to the Argentina court that upon the expiration of her court ordered visitation period in the United States, that the "...maternal grandfather had had health problems, which prevented her to fulfill her contracted obligation of returning the child back to the Argentine Republic." The Argentine court "...decided to serve notice upon her of a warning, so that in the term of 48 hours she would inform the exact date when the child would be restored (7/2713). Due to that warning of requirement to comply, she appeared on page 117, and she answered she would not restore her since the the child was in a very grave health condition (Feb. 13, 2013). A posteriori, the decision on page 124 of said record was given (Feb. 22, 2013) where the application of the fine warned about was left without effect. [Certified Copy and Certified Translation of Argentina Court Order of November 2013]

13. In the course of Respondent's "appeal" in Argentina, she raised the medical and psychological issues asserted before this court: "Within this provisional remedies framework of the child custody, the process of which has not been completed or finished yet, with the background added up to this date, the plausibility of the right claimed can't

be taken as credited, since the psychological medical reports attached by the parties "prima facie" show the child's health state, but not the impossibility that the treatment she must undergo be made in our country. Remember that the child's custody has been under her father's charge, living with him in the Argentine Republic for several years before the child were taken by her mother to the United States of America. There exists an essential right for the child not to be detached from her roots in a "de facto" way from her habitual family and social life environment, starting from the assumption that her wellbeing is reached "a priori" returning to the "status quo" prior to said act of displacement, purpose which is secured among its statements in the above mentioned The Hague Convention…" [Certified Copy and Certified Translation of Argentina Court Order of November 2013]

## II.

## ARGUMENT

Respondent alleges to bring her Counter-Petition pursuant to the "Hague Convention, December 23, 1981, 51 Fed. Reg. 10494, as implemented by the United States in the International Child Abduction Remedies Act ("ICARA"), 42. U.S.C. §11601, et. Seq." and 42 U.S.C. §11603(a) and §28 U.S.C. 1331.

42 U.S.C. §11601 provides:

"(a) Findings
The Congress makes the following findings:
    (1) The international abduction or wrongful retention of children is harmful to their well-being.
    (2) Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention.
    (3) International abductions and retentions of children are increasing, and only concerted cooperation pursuant to an international agreement can effectively combat this problem.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 4

(4) The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

(b) Declarations

The Congress makes the following declarations:

(1) It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.

(2) The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.

(3) In enacting this chapter the Congress recognizes—

(A) the international character of the Convention; and

(B) the need for uniform international interpretation of the Convention."

42 U.S.C. §11603(a) states:

"(a) The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."

However, Respondent is the "abducting" parent. She does not deny that S.C. had been born and residing in Argentina all her life. She agrees that she has litigated the custody issues involving S.C. in Argentina [although she didn't like the results]. She further admits that despite an order from the Argentina court to return the child immediately, she continues to retain her in the United States.

"International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610 (2000), which is a codification of the Hague Convention on the Civil Aspects of International Child Abduction, opened for signature, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, 51 Fed. Reg. 10,493, 10,498 (app. B) (March 26, 1986) (hereinafter "Hague Convention"). The Hague Convention was adopted by the signatory nations "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 5

their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." Hague Convention, pmbl. [March v. Levine, 249 F.3d 462 (6th Cir., 2001)]

Respondent's Counter Petition is a recitation of facts and allegations preceding the Argentina Custody order of September 2010 and the Argentina November 2013 Order; wherein, the Argentina Court *cleary* received and considered the allegations set forth in the Counter Petition. The Counter Petition is a veiled attempt to request the United States Court to "second guess" the Argentina court and re-litigate the custody issues raised in Argentina but not resolved according to Respondent's desires.

"Pursuant to Article 19 of the Hague Convention and ICARA, 42 U.S.C. § 11601(b)(4), the court's role in applying the Hague Convention is not to resolve the merits of any custody issue. Rather, the court is to determine whether the child was removed or retained wrongfully from the child's habitual residence." [Giampaolo v. Erneta, 390 F.Supp.2d 1269 (N.D. Ga., 2004)]

None of the remedies requested by Respondent in her Counter Petition is supported by the ICARA. Respondent has already properly raised her "affirmative defenses" in her Answer to the Petition. 42 U.S.C. §11601 et seq. does not provide any authority for Respondent's Counter Petition. This matter is not a "best interest" custody case. It is a matter brought pursuant to ICARA for *Respondent's* wrongful retention of S.C. in the United States.

## III.

## CONCLUSION

Petitioner has properly brought before this court his Petition pursuant to the Hague Convention [ICARA] for the immediate return of S.C. to Argentina. Respondent has raised three (3) affirmative defenses to his Petition: 1) Article 13(b): "there is a grave risk that his or her

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 6

return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation."; 2) Article 13: "The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views."; and 3) Article 20: "The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms."

Respondent's Counter Petition is essentially a request for this court to take jurisdiction and re-litigate the custody issues of S.C. between the parties. Such consideration is not permitted. [Giampaolo v. Erneta, 390 F.Supp.2d 1269 (N.D. Ga., 2004)]

The statements and allegations raised by Respondent in her Counter Petition are all factors for a court to determine "best interest" of the child for the purposes of issuing custody orders. Argentina has already done so – since 2010. Respondent participated in those proceedings and raised all the same issues before the Argentina court. Even if some allegations were not raised by Respondent before the Argentina court – *that's* the proper jurisdiction and venue in which to bring issues relating the child's best interest. Respondent is merely "forum shopping" – seeking the United States Courts to re-litigate the custody and visitation issues because she did not agree with the Argentina court's determinations.

Petitioner requests that this Court dismiss Respondent's Counter Petition, accordingly.

Dated: 11/23/2013

Respectfully submitted,
*LAW OFFICES OF B J FADEM & ASSOCIATES, APC*

_____
B J Fadem, Esq.
Attorney for Petitioner

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion to Dismiss Counter Petition
Page 7