Allison W. Maxim
MAXIM LAW, PLLC
Ramsey Professional Building
311 Ramsey Street, Suite 201
Saint Paul, Minnesota 55102
Phone: (651) 294-2407
Fax: (651) 294-2361
Allison@Maxim-Law.com
Attorney *pro hac vice* for Respondent

Diane Kaer
Attorney at Law
California State Bar Membership No. 120648
14827 Energy Way
Apple Valley, Minnesota 55124
Phone: (952) 432-4131
Fax: (952) 432-4822
Diane@Kaerlaw.com
Attorney for Respondent

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br>    Petitioner,<br><br>vs.<br><br>VALERIA EGUIGUREN LABORDE,<br>    Respondent. | Case No.:  2:13-cv-01175-JAM-EFB<br><br>RESPONDENT'S OPPOSITION TO PETITIONER'S MOTIONS TO DISMISS COUNTER-PETITION AND FOR SUMMARY JUDGMENT<br><br>Trial Date: December 2, 2013<br>Honorable John A. Mendez |

Respondent, VALERIA EGUIGUREN LABORDE, hereby opposes Respondent's motions to dismiss her Counter-Petition and for summary judgment and asks this Court to DENY Respondent's motions in their entirety and proceed with the trial on whether the child will face a grave risk of harm or otherwise intolerable

situation in this matter, under Article 13(b) of the Hague Convention on the Civil Aspects of International Child Abduction (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (ICARA).

MEMORANDUM IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITIONER'S MOTIONS TO DISMISS COUNTER-PETITION AND FOR SUMMARY JUDGMENT

1. **Petitioner's motion for summary judgment is untimely pursuant to Local Rule 144 and Rule 56 of the Fed. R. Civ. P. and fails to comply with Local Rule 230 (b) (Fed. R. Civ. P. 78).**

Petitioner's motion for summary judgment must be denied as it fails to comply with Local Rules 144, 230(b) and the timelines set forth in Rule 56 of Fed. R. Civ. P. No notice of Petitioner's motion was provided and a hearing was not scheduled according to the local or federal rules. To Respondent's knowledge, no specific request was made to hear this motion according to the shortened timeline under Local Rule 144.

Further, Rule 56 allows motions for summary judgment at any time until thirty (30) days after the close of all discovery. No discovery occurred in this action as this matter is required to be expedited pursuant to Article 11 of the Hague Convention on the Civil Aspects of International Child Abduction.

2. **Contrary to Petitioner's assertions in his motion for summary judgment, there are genuine issues of material fact in dispute.**

Regardless of the timeliness of Petitioner's motion, there are genuine issues of material fact in dispute regarding the grave risk of harm to the child or the intolerable situation the child would face should she be returned to Argentina. Summary judgment is only proper if "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Petitioner, as the moving party, bears the burden of establishing proper basis on which summary judgment should be granted and must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Upon meeting his burden, the nonmoving party has the burden to establish facts, supported by the evidence in the record, upon which the trier of fact can find a genuine fact issue for trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

Summary judgment against the nonmoving party is only appropriate where, after the nonmoving party has had adequate time for discovery on material matters at issue, fails to make a showing sufficient to establish the existence of a material disputed fact. Celotex, 477 U.S. at 323. Furthermore, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are [trial] functions, not [summary judgment functions] . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movants] favor." Anderson, 477 U.S. at 255.

The factual record presented must be interpreted in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). This Court "may not resolve disputed questions of fact in a summary judgment decision . . . and if a disputed question of fact remains, the district court should deny the motion for summary judgment and proceed to trial." In re Atlas Concrete Pipe Inc., 668 F.2d 905, 908 (6th Cir. 1982).

Larrategui v. Laborde  
2:13-cv-01175-JAM-EFB

Response to Petitioner's Pretrial Motions  
Page 3

Petitioner may have established a prima facie case for wrongful removal; however, Respondent has submitted substantial evidence to establish the exception to the child's return under Article 13(b) of the Convention. Thus, a determination of this issue requires further inquiry by this Court. The fact that there are court orders issued in Argentina does not preclude this Court from assessing the risk to the child and the child's environment to which she would be returned. While the "concern with comity among nations argues for a narrow interpretation of the "grave risk of harm" defense . . . the safety of children is paramount." Van De Sande v. Van De Sande, 431 F.3d 567, 572 (7th Cir. 2005).

Here, Respondent has presented sufficient evidence, including evaluations from qualified professionals, asserting a grave risk of harm to the child and the inadequacy of the conditions and environment to which the child will be returned in Argentina to necessitate an evidentiary hearing in order for this Court to evaluate the issues in more depth as required under the Convention. Specifically, the child would be returned to an environment that recognizes only that she has a speech/language delay and treats her accordingly as opposed to the child's more significant diagnosis of borderline intellectual functioning and concomitant mental health disorder that requires more rigorous treatment and rehabilitation. Petitioner specifically submits in his pleadings that the course of treatment for the child is being properly treated and that the course of treatment should not change. This is disputed by the evidence submitted by Respondent.

This Court has jurisdiction to determine whether a grave risk of harm or an intolerable situation exists under Article 13(b). In fact, this Court must provide greater scrutiny in a case in which an intolerable situation may exist. An "intolerable situation" requires more than a cursory evaluation of the home country's environment. <u>Mendez Lynch v. Mendez Lynch</u>, 220 F. Supp. 2d 1347, 1364 (M.D. Fla. 2002). This court must make a thorough evaluation of the people and circumstances awaiting S.C. in the country of habitual residence. Respondent alleges a grave risk of harm or an intolerable situation exists in that the child would be returned to an environment that specifically does not recognize her borderline intellectual functioning and mental health diagnoses. The treatment and rehabilitation recommended for the child's condition have not been offered and there is no evidence on the record that they will be offered in Argentina.

"A parent may be able to defeat or delay return by showing that it would disrupt an ongoing course of medical treatment and severely impact the child's health. But the parent would have to provide clear and convincing evidence both of the child's serious medical needs and of the home country's inability to provide the necessary care. <u>Cuellar v. Joyce</u>, 596 F.3d 505, 511 (9th Cir. 2010). Here Respondent has submitted sufficient evidence to show S.C. needs a different course of medical treatment or her mental health will gravely suffer.

There is also a dispute regarding the Argentinian court's actions in this matter and whether the court has, in fact, acted to protect the minor child in this matter. This Court has a duty to determine whether the Argentinian court "for whatever reason, may be incapable or unwilling to give the child adequate protection." <u>Blondin v. Dubois</u>,

238 F.3d 153, 162 (2nd Cir. 2001) (quoting *Friedrich v. Friedrich,* 78 F.3d 1060, 1069 (2nd Cir. 2001).

Respondent as the nonmoving party has shown there are genuine issues of material fact, which this Court must determine through a trial on the merits. As such, Petitioner's motion for summary judgment must be denied.

**3. The Court must deny Petitioner's in limine motion to dismiss Respondent's Counter-Petition.**

Fed. R. Civ. P. 13 specifically permits counter claims and Petitioner properly filed an Answer and Counter-Petition pursuant to said rule. Petitioner cites no authority permitting this Court to dismiss Respondent's Counter-Petition. Nothing stated in the Convention or ICARA prohibits a Respondent from filing a counter-petition or alleging the factual circumstances surrounding her assertion that there is a grave risk of harm or an otherwise intolerable situation under Article 13(b).

In this case, Respondent properly filed an answer and counter-petition setting forth in detail the factual circumstances under Article 13(b) of the Hague Convention regarding the grave risk to the child if she is to be returned to Argentina and the intolerable situation to which she would return. Again, Respondent asserts the child would be returned to an environment that recognizes only that she has a speech/language delay and treats her accordingly as opposed to the child's more significant diagnosis of borderline intellectual functioning and concomitant mental health disorder that requires more complex treatment and rehabilitation. Petitioner fails to recognize the child's medical needs and submits in his pleadings that the course of

treatment for the child should not change, which is specifically disputed by the evidence submitted by Respondent.

Respondent properly submitted an Answer and Counter-Petition to assert the Article 13(b) exception under the Hague Convention. As such, Petitioner's motion to dismiss Respondent's Counter-Petition must be denied.

CONCLUSION

This Court has a duty to the child in this matter to thoughtfully consider whether she faces a grave risk of harm, or whether she will be placed in an intolerable situation, were she to be returned to Argentina. Genuine issues of material fact are in dispute regarding the environment to which the child will be returned given her diagnosis of borderline intellectual functioning and mood disorder. The facts asserted by Petitioner show he fails to understand the child needs anything more than speech therapy for a medical and mental health condition that requires rigorous treatment and rehabilitation. Petitioner has submitted evidence showing the child's medical needs and recommendations by qualified professionals. She will testify at court about the daily rehabilitation the child is receiving in the U.S. Given the factual dispute, Petitioner's motion for summary judgment must be denied.

Additionally, Respondent properly filed an Answer and Counter-Petition according to the Federal Rules of Civil Procedure. Petitioner recites the law of the Hague Convention and ICARA generally to assert Respondent's Counter-Petition should be dismissed, but he submits no authority specifically barring a Respondent from submitting a Counter-Petition setting forth the facts and circumstances upon

which she relies to establish the grave risk or intolerable situation. Hence, Petitioner's motion to dismiss Respondent's Counter-Petition must be denied.

Respectfully submitted,

MAXIM LAW, PLLC

Dated: November 29, 2013      /s/Allison Maxim
Allison Maxim (#353784)
Ramsey Professional Building
311 Ramsey Street, Suite 201
St. Paul, MN 55102
(651) 294-2407
Allison@Maxim-Law.com
Attorney for Respondent