B J Fadem Esq.    SBN: 118819*
*Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq. SBN: 262783
Corrine Gaxiola, Esq.  SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street, Suite 910
San Jose, CA 95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br>Petitioner,<br><br>vs.<br><br>VALERIA EGUIGUREN LABORDE,<br>Respondent. | Case No.: 2:13-cv-01175-JAM-EFB<br><br>MOTION FOR ATTORNEYS' FEES AND COSTS INCLUDING TRANSPORATION EXPENSES PURSUANT TO CONVENTION ARTICLE 26 and 42 U.S.C. 11607(3)(b)<br><br>Judge:    Hon. John A. Mendez |

Petitioner, DANIEL CARLOS CHIRAMBERRO LARRATEGUI, (hereinafter "Petitioner") herein submits his motion and request for attorneys' fees and costs pursuant to Hague Convention 42 U.S.C. 116079b)(3). The Affidavit and Declaration of B J FADEM, ESQ. is filed concurrently and hereby incorporated by reference.

**I.  INTRODUCTION**

Petitioner and Respondent, VALERIA EGUIGUREN LABORDE, (hereinafter "Respondent') are the parents of the minor child, S.C., born in Buenos Aires, Argentina on December 12, 1999.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 1

1  The parties resided together with S.C. in Argentina until 2002. Petitioner and
2  Respondent continued to reside in Argentina, albeit in separate homes, until 2007. The minor
3  child, S.C., spent equal amounts of time with both parents between 2002 and 2007.

4  In May 2003, S.C. was diagnosed with developmental dysphasia, expressive subtype,
5  and referred for neuro linguistic, psycho pedagogical and neurological pediatric treatment. She
6  required attending school with an integrated education each and evolution control.

7  In 2007, Respondent relocated to the United States and married. S.C. remained in
8  Argentina with Petitioner. Although Respondent alleges that the parties had a "verbal"
9  agreement that S.C. would be sent to live with Respondent in the United States when she was
10 settled; Petitioner denies the same.

11 Any such oral agreement, its validity and its effect would have been raised before the
12 Argentina court during these proceedings and adjudicated. Respondent fully participated in the
13 litigation and proceedings in Argentina. **The proceedings resulted in the September 27, 2010**
14 **Order granting Petitioner full custody of S.C.**

15 Because of her specialized needs, S.C. had been attending a special private school in
16 Argentina – "Armonia." Armonia is a private institution recognized by the education authorities
17 that integrates students with Special Education needs. The bottom line is, S.C. had flourished at
18 the school.

19 Although Armonia is a "bilingual" school, because of S.C.'s special education needs,
20 she did not attend the afternoon session in that it is taught in English. The doctors and her
21 specialized teachers have determined that due to her diagnosis and progress, it would be
22 extremely detrimental for S.C. to be forced to learn English when she is still having such

23
24

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 2

difficulty with her "mother tongue." Respondent's continued wrongful retention of S.C. in the United States has caused more harm and detriment to the child.

Respondent arrived in Argentina for a visit in November 2012. During her visit, Respondent initiated a judicial proceeding to the Federal Ordinary Civil Court, Number 88 (a Court on Family matters) to obtain authorization to travel with S.C. to the United States for a visit. The Argentina court granted Respondent's request and issued an Order pursuant to the agreement on November 29, 2012 that Respondent may travel with S.C. to the United States for a <u>visit</u> from December 13, 2012 until January 29, 2013. Respondent, Petitioner and S.C. were all represented in the course of securing this Order.

Respondent failed and continued to refuse to return S.C. into Petitioner's custody in Argentina at the end of her visit on January 29, 2013. Respondent first claimed that the maternal grandfather was gravely ill and then finally admitted that she had no intention of returning the child to Argentina <u>regardless of the Court orders.</u>

Respondent acted in violation of the Court orders by her continued denial of the return of S.C. to Argentina. Respondent filed an appeal with the Court of Argentina. In the course of those proceedings, Respondent made all the same allegations, and more, that she asked the Court to consider in this case in the United States. Specifically, she stated, S.C. was not receiving the proper medical care required of his condition, attaching to her filings in Argentina the very same reports that she sought the Court to review here. In its November 2013 Order, the Argentina Court clearly indicated that they were still considering the custody issues raised by Respondent and that Argentina had and can continue to provide the necessary treatment for S.C.

Argentina further issued a declaration pursuant to Article 15 of the Hague Convention Civil Aspect of International Child Abduction; declaring Argentina to be the habitual residence

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 3

1  of S.C., and Argentina made a determination that S.C. was being <u>wrongfully retained in the</u>
2  <u>United States by Respondent</u>.

3  Based on Respondent's refusal to return the child to Argentina in violation of
4  Argentina's court Orders, Petitioner filed a Petition for return of child to Petitioner and Petition
5  for immediate issuance of show cause order to respondents and warrant in lieu of writ of habeas
6  corpus under the convention on the civil aspects of International Child Abduction, done at the
7  Hague on October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et
8  seq. Respondent submitted her Answer to Petition in opposition of Petitioner's requests.
9  Petitioner therein filed a reply.

10  A bench trial on this matter was heard beginning December 2, 2013 through December
11  5, 2013. On January 10, 2014, the Court granted the Petition holding that S.C's country of
12  habitual residence is Argentina, Petitioner proved by a preponderance of the evidence that S.C.
13  was wrongfully retained in the Unites States by Respondent, and Respondent failed to establish
14  by clear and convincing evidence that returning S.C. to Argentina would either expose her to a
15  grave risk of physical or psychological harm or would otherwise place her in an intolerable
16  situation. (Doc. #55; Page 17)

17  Petitioner herein requests reasonable and necessary attorneys' fees and costs incurred in
18  an effort to seek the return of S.C. to Argentina.

19  **II.   PETITIONER IS ENTITED TO REASONABLE AND NECESSARY
        ATTORNEYS' FEES AND COSTS, INCLUDING TRANSPORTATION COSTS,**
20  **PURSUANT TO CONVENTION ARTICLE 26 and U.S.C. 11607(b)(3)**

21  Respondent shall be ordered to pay Petitioner's reasonable attorneys' fees and costs,
22  including transportation costs, pursuant to 42 U.S.C. §11607(b)(3) which states:

23  > Any court ordering the return of a child pursuant to an action
   > brought under section 11603 of this title **shall** order the respondent
24

to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate. 42 U.S.C. § 11607 (b)(3)

Further, Hague International Child Abduction Convention (ICARA) Article 26 states:

Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child. Hague International Child Abduction Convention, Article 26

An award of fees and costs serves two purposes: (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) "to deter such removal or retention." Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed.Reg. 10494–01, 10511 (Mar. 26, 1986).

Under ICARA, the Court is required to award the Petitioner's necessary fees and costs incurred unless such award "would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). By providing for an award of attorney's fees and costs after a finding of wrongful removal or retention of a child, ICARA "contemplates the use of such awards as a deterrent to violations of the Convention." *Friedrich*, 1999 WL 33951234, at 2. The Respondent bears the burden of establishing that an award of fees and costs would be clearly inappropriate under the circumstances. *Whallon v. Lynn*, (2004) 356 F.3d 138, 140. *Neves v. Neves*, 637 F. Supp. 2d 322, 344-45.

The determination of a reasonable attorney's fee is a matter of discretion with the Court. See *Robinson v. Equifax Info. Services*, (2009) 560 F.Supp.3d 235, 243. In determining the

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 5

amount of reasonable attorney's fees to award under ICARA, federal courts typically apply the lodestar method. *See Wasniewski v. Grzelak–Johannsen,* 549 F.Supp.2d 965, 971 n. 5 (N.D.Ohio 2008); *Distler v. Distler,* 26 F.Supp.2d 723, 727 (D.N.J.1998); *Freier v. Freier,* 985 F.Supp. 710, 712 (E.D.Mich.1997); *Berendsen v. Nichols,* 938 F.Supp. 737, 738 (D.Kan.1996); *Flynn v. Borders,* No. 5:06–323–JMH, 2007 WL 862548, at *2 (E.D.Ky. Mar. 20, 2007); *Friedrich v. Thompson,* No. 1:99–CV–772, 1999 WL 33951234, at *3 (M.D.N.C. Nov. 26, 1999). *Neves v. Neves,* 637 F. Supp. 2d 322, 339

Under the lodestar method, the Court multiplies the number of reasonable hours expended by a reasonable hourly rate. *Robinson, supra,* at 243. In determining what is "reasonable,"…a district court's discretion should be guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Grissom v. The Mills Corp., (2008)* 549 F.Supp.3d 313, 321

After determining the lodestar amount, "the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* (quoting *Johnson v. City of Aiken,* (2002) 278 F.Supp.3d 333, 337. "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Grissom,* 549 F.Supp.3d at 321(quoting *Johnson,* 278 F.Supp.3d at 337). *Neves v. Neves, supra,* 341.

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 6

1  The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Where the attorney's documentation is inadequate, or the claimed hours are duplicative or excessive, the court may reduce the award accordingly. *Wasniewski,* 549 F.Supp.2d at 972. "The goal is to not overcompensate counsel with a 'liberal' fee, but to award the 'reasonable' fee necessary to encourage competent lawyers to undertake the representation." *Id. Neves v. Neves, supra,* 341.

In support of his request for attorney's fees and costs, Petitioner submitted the Affidavit and Declaration of B J Fadem. Mr. Fadem has been licensed to practice law since 1985 and is a specialist in Family law by the California State Board of Specialization since 1999. Mr. Fadem's hourly rate is $400 per hour. Mr. Fadem, as lead counsel, billed 106.50 hours and drafted all of the pleadings filed in this case, performed research, drafted briefs, and had numerous conferences with Petitioner and prepared and appeared at all hearings and the Trial.

This case involved complex and important legal issues of the Hague Convention. Dspite that Argentina issued a declaration pursuant to Article 15 of the Hague Convention Civil Aspect of International Child Abduction, declaring Argentina to be the habitual residence of S.C., and Argentina made a determination that S.C. was being <u>wrongfully retained in the United States by Respondent.</u> However, Respondent refused to comply with the Orders from Argentina and return the child to Argentina.

The time-sensitive and intensive labor required in this case was necessary to aid Petitioner in his return of the minor child. On January 20, 2014, this Court ordered granted the Petition ad ordered the return of S.C. to Argentina. (Doc. #55; Page 17)

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 7

1   Respondent may argue that Petitioner is not entitled to attorneys' fees and costs as he
2   receives the assistance of the Argentina government in paying his fees. However, she is
3   mistaken as to her belief. All assistance Petitioner received from the Argentina government
4   comes from a fund that the Argentina government has created to aid families with their return of
5   child who have been kidnapped or abducted. The money provided from this fund is a loan that
6   must be paid back so that it can continue to assist other families in the future.

7   Regardless, the Court in *Haimdas v. Haimdas,* ordered Father to pay Mother's attorney's
8   fees and costs regardless of whether she was being represented by pro bono counsel.
9   Specifically, "[p]ursuant to Article 26 of the Hague Convention and 42 U.S.C. § 11607(b)(3),
10  any court that orders the return of a child under the Convention "shall order the respondent to
11  pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal
12  fees, foster home or other care during the course of proceedings in the action, and transportation
13  costs related to the return of the child, unless the respondent establishes that such order would
14  be clearly inappropriate." 42 U.S.C. § 11607(b)(3)…Further, the fact that the petitioner in this
15  case was represented by *pro bono* counsel does not provide a basis for disregarding the
16  Convention's fee provision. See*, e.g., Wasniewski v. Grzelak–Johannsen,* (2008) 549 F.Supp.2d
17  965, 970–71; *Antunez–Fernandes v. Connors–Fernandes,* (2003) 259 F.Supp.2d 800, 816–17.
18  *Haimdas v. Haimdas*, (2010) 720 F. Supp. 2d 183, 209. Therefore, even if Petitioner had
19  received assistance from Argentina for the assistance in obtaining counsel to seek the return of
20  the child to Argentina, the Court cannot disregard the fee provision.

21
22  Petitioner has incurred expenses related to the return of the child in the amount of
    $55,372.14 and an award of these expenses to Petitioner would not be inappropriate under 42
23  U.S.C. §11607(b)(3).
24

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Petitioner's Motion for Attorneys' Fees and Costs
Page 8

### III.  CONCLUSION

Therefore, Petitioner respectfully requests that Respondent pay $55,372.14 as and for reasonable and necessary attorneys' fees and costs related to the return of the child to Argentina.

Respectfully submitted,
LAW OFFICES OF B J FADEM & ASSOCIAATES, APC

Dated: 2/6/14

By: B J Fadem, Esq.
Attorney for Petitioner

B J Fadem Esq.    SBN: 118819*
*Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq.  SBN: 262783
Corrine Gaxiola, Esq.   SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street,  Suite 910
San Jose, CA  95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br>  Petitioner,<br><br>vs.<br><br>VALERIA EGUIGUREN LABORDE,<br>  Respondent. | Case No.: 2:13-cv-01175-JAM-EFB<br><br>AFFIDAVIT AND DECLARATION OF B J FADEM IN SUPPORT OF PETITIONER'S REQUEST FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 42 U.S.C. §11703(b)(3)<br><br>Judge:      Hon. John A. Mendez |

I, B J Fadem, Esq. declare as follows:

   1.    I am an attorney licensed to practice before all the courts of the State of California and the Unites States District Court, Northern District of California and am the attorney of record for the Petitioner, DANIEL CARLOS CHIRAMBERRO LARRATEGUI, herein.

   2.    I have been in practice since 1985, and have been certified as a specialist in Family Law by the California State Board of Specialization since 1999.   I am also certified and act as Minor's Counsel on various family law and child-related issues. My hourly rate is $400

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Affidavit and Declaration of B J Fadem
Page 1

per hour. My practice consists entirely of complex family matters and other child-related issues. I have worked on various Hague Convention Cases throughout my career.

3. I currently employ one associate attorney and a paralegal. The hourly rate for my associate attorney is $325 per hour and $225 per hour for my paralegal.

4. In addition, I have one legal assistant and one law clerk. The hourly rate for my legal assistant and clerk is $125.00 per hour.

5. I am familiar with the hourly rates charged by firms and lawyers with similar experiences and abilities in family law matters in my area and that these lawyers typically charged between $300 and $600 per hour. I believe that my hourly rate as it relates to complex Hague Convention matters is consistent with other attorneys in this area.

6. Enclosed as **Exhibit 1** to this Declaration is a Client Summary of all charges. The charges are as follows:

|  | Hours | Bill Amount |
| --- | --- | --- |
| B J Fadem, Esq | 106.50 | $42,600.00 |
| Darshika Patel (paralegal) | 14.40 | $3,420.00 |
| Law Clerk | .30 | $37.50 |
| Ron Nerio, Esq. | 1.90 | $617.50 |
| Shampelle Byrd (Legal Assistant) | 11.30 | $1,400.00 |
|  | 134.40 | **$47,895.00** |

7. In addition, Petitioner has incurred costs and expenses in the amount of $1,977.14

**(Exhibit 1)**

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Affidavit and Declaration of B J Fadem
Page 2

1   8. The total attorney's fees, costs and expenses incurred by the Petitioner in seeking

2   the return of the minor child is **$49,872.14.**

3   9. Petitioner has paid a total of $20,697.20 towards the attorney's fees and costs

4   incurred in this matter. **(Exhibit 2)**

5   10. There is an outstanding balance owed for attorney's fees and costs in the amount

6   of **$30,132.40. (EXHIBIT 3)**

7   11. Attached as **EXHIBIT 4** is an itemized list of all necessary attorney's fees and

8   costs as incurred by the Petitioner in preparation of an appearances on this matter.

9   12. In addition, a total of $5,500 in transportation expenses were incurred by the

10  Petitioner in this matter. It is my information and belief that Petitioner incurred costs in the

11  amount of $2,000 for airfare and accommodations for the Trial in December 2013. In addition,

12  $3,500 for airfare for Petitioner to come to the United States to meet the child and return airfare

13  for them both to Argentina. **EXHIBIT 5**

14  13. Based on my information and belief, Petitioner received some assistance from the

15  Argentina government for his attorney's fees and costs. However, the assistance provided is from

16  a general fund that the Argentina government has created for the assistance of parents to aid

17  them in their retrieval efforts to return the child(ren) who have been kidnapped or abducted from

18  the country. The money provided to these parents is considered a loan and must be paid back to

19  the government so that they can continue to provide assistance to other families. Therefore, any

20  assistance Petitioner has received will have to be paid back to the Argentina government.

21  14. This is a complex legal matter involving various issues of the Hague Convention.

22  All work efforts, fees incurred, costs and expenses were incurred as reasonable and necessary to

23  the Petitioner's efforts to have the minor child return to Argentina under the Hague Convention.

24

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Affidavit and Declaration of B J Fadem
Page 3

15. Therefore, we request Respondent pay the amount of $49, 872.14 in attorney's fees and expenses and $5,500 for transportation costs-- a total of **$55,372.14** to the Petitioner. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on Feb. 6, 2014, at San Jose, California.

Respectfully submitted,
*LAW OFFICES OF BJ FADEM & ASSOCIAATES, APC*

Dated: 2/6/14

By: B J Fadem, Esq.
Attorney for Petitioner

Larrategui vs. Laborde
2:13-cv-01175-JAM-EFB

Affidavit and Declaration of B J Fadem
Page 4