B J Fadem Esq.     SBN: 118819*
*Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq.  SBN: 262783
Corrine Gaxiola, Esq.  SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street,  Suite 910
San Jose, CA  95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Carlos Chiramberro Larrategui,<br><br>                    Petitioner,<br><br>vs.<br><br>Valeria Equiguren Laborde,<br><br>                    Respondent | Case No.: 2:13-cv-01175-JAM-EFB<br><br>PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO VACATE RETURN ORDER AND OPPOSITION FOR STAY PENDING APPEAL<br><br>Judge:        J. Mendez<br>Courtroom:  6<br>Date:          2/14/2014<br>Time:          1:30 pm |

# TABLE OF CONTENTS

I.   Introduction.................................................................................1
II.  Argument......................................................................................2
     A. The Court Must Deny Respondent's Motion to Vacate and Stay Pending Post-Trial Motions..................................................................2
        1. Motion to Vacate Return Order......................................2
        2. Stay Pending Post-trial Motions and Undertakings related submission.................................................................3
     B. The Court must deny Respondent's Motion to Stay its February 7, 2014 Return order because she has not met her burden in showing that the circumstances justify an exercise of discretion..................................................3
        1. Likelihood of success on the merits..............................4
           a. The Holding in Cuellar Does Not Provide Respondent With an Appealable Issue, Much Less Provide Her With a Strong Showing that She Would Succeed on the Merits.............................................4
           1. Appeal based on Undertaking 1.........................7
           2. Irreparable Injury to Applicant.......................7
           3. Substantial Injury to Other Parties..................9
           4. Public Interest...............................................10
III. Conclusion..................................................................................11

TABLE OF CASES

Nken V. Holder, 556 U.S. 418, 434 (2009)……………………...………3,4,8,9,11

Lair v. Bullock, 697 F.3d 1200 (9th Cir., 2012)…………………..……...3,4,8

Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73 (1926)…..……...4

Sofinet v. INS, 188 F. 3d 703, 707 (CA7 1999)………………….……….4

Cuellar v. Joyce, 596 F.3d 505, 511 (9th Cir., 2010)…………………..…....4,5,9

Giampaolo v. Erneta, 390 F.Supp.2d 1269 (N.D. Ga., 2004)……….……...5

Núñez-Escudero v. Tice-Menly, 58 F.3d 374,377 (8th Cir. 1995)…….……...5

Avendano v. Smith, 806 F. Supp. 2d 1149, 1168 (D.N.M., 2011)…….……...5

In re Marriage of Forrest and Eaddy (2006) 144 Cal.App.4th 1202…….……...6

March v. Levine, 249 F.3d 462………………………………...…..6

Friedrich v. Friedrich, 78 F.3d 1060, 1069 (6th Cir. 1996)………….……...6,8,10

Gaudin v. Remis,415 F.3d 1028, 1035 (9th Cir. 2005)…………….……...6

Holder v. Holder, 392 F.3d 1009, 1013 (9th Cir. 2004)…………….……...7

B J Fadem Esq.    SBN: 118819*
*Certified Family Law Specialist - State Board of Specialization
Ron B. Nerio, Esq, SBN: 251228
Magdalena A. LaBranch, Esq.  SBN: 262783
Corrine Gaxiola, Esq.  SBN: 270060
LAW OFFICES OF B J FADEM & ASSOCIATES, APC
111 N. Market Street,  Suite 910
San Jose, CA  95113
Telephone: 408-280-1220
Fax: 408-971-9940
bjfadem@fademlaw.com
Attorneys For Petitioner
DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Carlos Chiramberro Larrategui,<br><br>          Petitioner,<br><br>vs.<br><br>Valeria Equiguren Laborde,<br><br>          Respondent | Case No.: 2:13-cv-01175-JAM-EFB<br><br>PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO VACATE RETURN ORDER AND OPPOSITION FOR STAY PENDING APPEAL<br><br>Judge:     J. Mendez<br>Courtroom:  6<br>Date:      2/14/2014<br>Time:     1:30 pm |

## I.    INTRODUCTION

Petitioner is the Father and Respondent is the Mother of the minor child, S.C., born in Buenos Aires, Argentina on December 12, 1999.  In September 2010, the Argentina court issued an order granting full custody of the child to Petitioner.

In November 2012, the Argentina court issued an order granting Respondent authority to travel to the United States with S.C. *for a visit* from December 13, 2012 until January 29, 2013 [Exhibit 5]  In November 2013 the Argentina court issued an order *pursuant to the ICARA*  that the child was to be immediately returned to Argentina and issued a declaration pursuant to

Article 15 of the ICARA proclaiming that Argentina is the habitual residence of S.C. and that Respondent has wrongfully retained her in the United States.

Petitioner pursued his remedies for the immediate return of S.C. to his custody in Argentina. In submitting his request through the United States Department of Children Services, a Petition pursuant to the Hague Treaty Convention on the Civil Aspects Of International Child Abduction was filed on March 20, 2013. Thereafter, by and through her counsel, Respondent removed the matter to federal jurisdiction on June 13, 2013. On October 10, 2013 Petitioner filed for Immediate Return of the Child. Petitioner's request pursuant to his Hague application set for hearing before this Court on December 2, 2013.

The Court issued its Statement of Facts and Conclusions of Law, along with "Undertakings" granting the Petition for Return on January 10, 2014. Pursuant to the Court's Order, Petitioner submitted a declaration of himself, a declaration of his local Argentina counsel and a letter from Ricardo Arredondo [diplomat for the Argentina Consulate – an attorney licensed to practice in California and Argentina]. The Court issued the Return Order on February 7, 2014; the child was to be brought to this Court on February 14, 2014 at 1:30 pm wherein Petitioner would return home to Argentina with her.

On February 7 and 9, 2014, Respondent filed her post- trial motions: Emergency Motion and Request for Order Shortening Time, Emergency Motion for Stay or Vacate of Order, Motion to Amend Judgment, Motion for New Trial, and Objections to the Court's Undertakings. The Court has set these motions to be heard 2/14/2014 at 1:30 pm.

## II.   ARGUMENT

### A. THE COURT MUST DENY RESPONDENT'S MOTION TO VACATE AND STAY PENDING POST-TRIAL MOTIONS

#### 1. Motion to Vacate Return Order

Respondent requests this Court vacate its February 7 order, yet fails to cite any legal authority or grounds for which this request should be granted. Therefore, Respondent's motion to vacate should be denied.

### 2. Stay Pending Post-Trial Motions and Undertakings-Related Submissions

A stay of the February 7 order pending the disposition of Respondent's post-trial motions and response to Petitioner's undertakings-related filings is not necessary because the Court has approved Respondent's Request for Order Shortening time and will hear Respondent's post-trial motions and undertakings-related submissions on February 14, 2014, prior to the ordered return of S.C. As such, Respondent will have her opportunity to be heard negating any claims for violation of her Fifth Amendment Due Process rights. However, Respondent was not given a fair opportunity to respond the various post-trial motions filed by Petitioner, including a motion for a new trial, motion to vacate, motion to stay pending appeal, motion to amend the judgment and objections to undertakings that she filed Sunday February 9, 2014; instead of the statutory fourteen (14) days, Petitioner was given less than forty eight (48) hours notice to file his oppositions no later than Wednesday, February 12, 2014.

### B. THE COURT MUST DENY RESPONDENT'S MOTION TO STAY ITS FEBRUARY 7, 2014 RETURN ORDER BECAUSE SHE HAS NOT MET HER BURDEN IN SHOWING THAT THE CIRCUMSTANCES JUSTIFY AN EXERCISE OF DISCRETION

In Nken V. Holder, the Court set forth the four-prong test for judicial discretion in exercising a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken V. Holder, 556 U.S. 418, 434 (2009). In Lair v. Bullock, the Court confirmed this test, adding that "A stay is not a matter of right.... It is

instead 'an exercise of judicial discretion' ... and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" Lair v. Bullock, 697 F.3d 1200 (9th Cir., 2012) (quoting Nken v. Holder, 556 U.S. at 433, quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73 (1926)). Further, "the party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." Nken v. Holder, 556 U.S. at 433-34.

### (1) Likelihood of Success on the Merits

Here, Respondent has failed to (1) make any showing – let alone a strong showing that she is likely to **succeed** on the merits.  It is not enough that the chance of success on the merits be "better than negligible." Id. at (quoting Sofinet v. INS, 188 F. 3d 703, 707 (CA7 1999) (internal quotation marks omitted).  In fact, Respondent merely points to three arguments that "present substantial appellate arguments." However, Respondent failed to address why these arguments are likely to **succeed** on the merits, let alone provide an adequate basis for an appeal. It is not enough for Respondent to merely state that this Court was incorrect in its findings at trial.

### a. The Holding in Cuellar Does Not Provide Respondent With an Appealable Issue, Much Less Provide Her With a Strong Showing that She Would Succeed on the Merits

Respondent first argues that the Court incorrectly applied the Hague Convention's "grave risk of harm" exception by not considering Cuellar v. Joyce in finding that *Petitioner* can adequately implement the type of comprehensive treatment plan for S.C. required in Undertaking 1. Not only does Respondent accuse this Court of improperly interpreting the holding in Cuellar too narrowly, but she also attempts to create a different holding by substituting her own misguided interpretation for that of the Courts.   Specifically, Respondent argues that the court "overlooked" her alleged "necessary corollaries."

In Cuellar, the Ninth Circuit held that a parent would have to provide clear and convincing evidence of both the child's serious medical needs and of the *home country's* [emphasis added] inability to provide the necessary care" in order to show a "grave risk of harm" in support of an Article 13(b) defense. Cuellar v. Joyce, 596 F.3d 505, 511 (9th Cir., 2010). The Court did not find, as Respondent would have this Court believe, that a grave risk of harm can be established by alleging that a *custodial parent* cannot "capably avail the child of the country's theoretical medical resources." To the contrary, such a holding would be in direct contradiction to the Hague Convention because it requires any inquiry into a parent's fitness, and such considerations of custody issues are prohibited by Article 19. "Courts are not to engage in a custody determination, so "[i]t is not relevant ... who is the better parent in the long run...". Giampaolo v. Erneta, 390 F.Supp.2d 1269 (N.D. Ga., 2004); Núñez-Escudero v. Tice-Menly, 58 F.3d 374,377 (8th Cir. 1995).

The Article 13(b) defense "do[es] not authorize a court to exceed its Hague Convention function by making determinations, such as who is the better parent, that remain within the purview of the court with plenary jurisdiction over the question of custody. To view the defenses more broadly would frustrate the core purpose of the Hague Convention – to preserve the status quo and deter parents from seeking custody of their child through, in effect, forum shopping. See Perez-Vera Report, supra, ¶ 34." Avendano v. Smith, 806 F. Supp. 2d 1149, 1168 (D.N.M., 2011).

Moreover, in analyzing the "grave risk of harm" exception, the Cuellar court held that Courts must make a finding that *the courts* of the country of habitual residence are incapable of or unwilling to adequately protect the child. Cuellar v. Joyce. 596 F.3d 505, 511 (9th Cir., 2010). Here, Respondent does not argue that *the courts* of the country of habitual residence are incapable of or unwilling to adequately protect S.C., but instead argues that *Petitioner* is unable, incapable or unwilling to do the same. This misinterpretation by Respondent is yet another

example of how she misstates case law in order to attempt to create an appealable issue that is likely to succeed on the merits. The Ninth Circuit did not extend its inquiry of capability or willingness of *the courts* of the country of habitual residence to include the capability or willingness of custodial parent because, as a matter of law, this type of inquiry is prohibited. Hague Convention, Article 19. The cases have consistently shown that this inquiry is limited to *the courts* of the country of habitual residence. See In re Marriage of Forrest and Eaddy (2006) 144 Cal.App.4th 1202; March v. Levine, 249 F.3d 462; Friedrich v. Friedrich, 78 F.3d 1060, 1069 (6th Cir. 1996); Gaudin v. Remis,415 F.3d 1028, 1035 (9th Cir. 2005). This is necessarily so because the Hague Convention provides for the return of the abducted child to its country of habitual residence so that the courts of *that* country can determine custody.

Here, this Court made a finding that Respondent failed to establish by "clear and convincing" evidence that Argentina cannot provide the necessary medical treatment required by S.C. and, therefore, there is no grave risk of harm if S.C. is returned to Argentina. [Order Directing Return of the Child to Country of Habitual Residence, p. 12]. **Most importantly, this Court also found that evidence presented by Respondent "...at most creates an uncertainty of whether the Petitioner will be able to provide the necessary care if S.C. were returned to Argentina..." and "In addition, the evidence of S.C.'s hygiene and her relationship with her father are troubling but there is no evidence of abuse or serious health risk. [Order Directing Return of the Child to Country of Habitual Residence, p. 14].** Respondent also failed to show that *the courts*, not the custodial parent, are incapable of adequately protecting the child. Now, Respondent asks the Court to grant a stay on the Return Order by attempting to show that she is likely to succeed on the merits of an appellate argument that is based on "necessary corollaries." Unfortunately for Respondent, her "necessary corollaries" do not constitute a grave risk of harm and are directly prohibited by Article 19. Therefore, Respondent has failed to prove the first of four factors guiding judicial discretion in exercising a stay.

### a. Appeal based on Undertaking 1

Respondent argues that Petitioner has not complied with the Court's requested Undertaking 1, yet she to address why this argument is likely to **succeed** on the merits, let alone provide an adequate basis for an appeal. This specific undertaking required that "Petitioner shall provide written proof that he as a plan under which S.C. will obtain the necessary medical treatment in Argentina for her Borderline Intellectual Functioning and mood disorder."

Petitioner has fully met this Undertaking by submitting a statement and declaration to the Court on February 05, 2014 detailing the specific medical team that he has in place to treat S.C. when she is returned to Argentina. Specifically, he detailed nine (9) doctors, therapists and teachers who will be working with S.C. upon her return. Additionally, he states that the doctors intend to conduct an assessment of S.C. as well as redefine a multi-modal health plan for S.C.'s ongoing treatment. Respondent simply disagrees with this Court's finding that the Undertaking was satisfied. She cannot point to any facts to show that Petitioner did not do exactly what this Court asked him to do, and therefore any appeal on this issue is not likely to succeed on the merits.

### (2) Irreparable Injury to Applicant

Additionally, Respondent has failed to (2) show that she will be irreparably injured absent a stay. Respondent claims that once S.C. is returned to Argentina, no practicable recourse exists for her to secure S.C.'s travel back to the United States if the Ninth Circuit were to reverse. It's unsurprising that Respondent thinks she can further delay the ordered return of S.C. pending an appeal based on meritless claims and misstatements of law; parents who abduct their children across international boundaries are generally driven by the same hope. But the animating idea behind the Hague Convention is to eliminate "any tactical advantages gained by absconding with a child." Cuellar v. Joyce, 596 F.3d 505, 511 (quoting Holder v. Holder, 392 F.3d 1009, 1013 (9th Cir. 2004). To allow Respondent to further delay S.C.'s return to her

home, would further aide Respondent's "forum shopping" – that which ICARA was specifically created to avoid.

Further, Argentina is a Hague Convention participating country, for which wrongful removal or retention procedures are established. Hague Convention, Preamble. Respondent's claim that there is no "guarantee" that the Argentinian court would honor United States court orders is nothing more than pure speculation that is completely unfounded in law. Argentina is a signatory country and is currently in compliance with The Hague Treaty. Her alleged possibility of irreparable harm is based on nothing more than her last ditch efforts to continue to wrongfully retain S.C. in United States courts under the same forum shopping tactics that got her here in the first place.

However, it is the goal of the Convention to "deter parents from crossing borders in search of a more sympathetic court." Friedrich v. Friedrich (6th Circuit, 1996) 78 F.3d 1060, 1064. Respondent does not dispute that she has been litigating the custody issues involving S.C. with Petitioner *in Argentina* for past six (6) years. The certified findings and orders of the Argentina court (and not disputed by Respondent), is that she raised her allegations as set forth in the United States proceedings before the Argentina court. However, she did not prevail in Argentina and forum shopped to the United States, asking this Court to revisit the merits of the custody issue. Respondent lost this trial and she now seeks a stay of the return order based on allegations that she would be irreparably harmed "if" the Ninth Circuit were to reverse and "if" Argentina refuses to enforce a United States court order. All of these speculations hardly amount to a "probability of irreparable injury if a stay is not granted. Lair v. Bullock, 697 F.3d at 1214.

Moreover, because the factors in granting a stay are weighed on sliding scale, even if assuming there was a probability that Respondent would somehow be irreparably harm, which there is not, a stay is not justified. Nken v. Holder, 556 U.S. at 435. As explained above, Respondent cannot make a strong showing that she is likely to succeed on the merits to satisfy

prong one.  Additionally, she cannot satisfy prong two, because there is not a probability of irreparable harm.

### (3) Substantial Injury to Other Parties

Under the third prong of the Nken test guiding judicial discretion in exercising a stay, Respondent has failed to prove that the issuance of a stay will not substantially injure other interested parties in the proceeding. Nken v. Holder, 556 U.S. at 434.  Respondent claims that since she "would permit Petitioner to have reasonable visitation opportunities whenever Petitioner is in the United States" during her appeal with the Ninth Circuit, it would substantially mitigate any harm he might sustain. But we must focus on the irreparable harm to *THE CHILD*. To further delay the return of S.C. to Argentina while Respondent has a "third bite at the apple" can only exacerbate the harm caused by S.C.'s abduction. "District courts considering Hague Convention cases are cautioned not to allow abducting parents to manipulate judicial process for purpose of delay..." as Respondent has done here.  Cuellar v. Joyce, 596 F.3d 505, 511.  To delay S.C.'s return home would cause further irreparable injury to Petitioner and to the child, and controvert the very purpose of ICARA.  It would also only further drain the parties' financial resources, delay the proceedings [which Respondent has clearly set out to do from initial outset] and further congest this Court.  If S.C. is not back in Argentina by the end of February, 2014 when her school year begins, she will lose *another* year of school that she may have to repeat.

In addition, the current course of treatment Respondent is providing S.C. in the United States is far less than what awaits her in Argentina;  i.e. in California she has been placed in public school [not special education program], remedial math, English as a second language, and therapy twice a month.  In Argentina, she would return to her private school that is designed specifically for children with special needs, she would be assigned an integrated teacher again, return to twice weekly therapy with her psychologist, return to her weekly speech and music

therapy, and her medical team that has been treating her since age three and who coordinate with her school instructors.

Respondent also claims that there will be substantial injury to S.C. if she returns to Argentina because Petitioner's submission does not satisfied Undertaking 1, requiring that he provide written proof that he has, in place a plan under which S.C. will obtain the necessary medical treatment in Argentina for her Borderline Intellectual Functioning and mood disorder. However, this Court approved Petitioner's submissions and therefore found that he had provided written proof that this type of plan was in place.

Respondent's suggestion that Petitioner cannot pay for S.C.'s medical care in Argentina [albeit false] must also fail as a matter of fact and law. It's interesting that Respondent makes such an argument in light of the fact that in her own declaration, she admits that she has been unable to afford her share of the child's expenses over the years and that her parents pay one half of her share. Regardless, the law is clear that economy may *not* be a consideration under Article 13(b). Public Notice 957, 51 Fed.Reg. 10494, 10510 (March 26, 1986).

Therefore, because delay of S.C.'s return home would cause further substantial and irreparable injury to Petitioner and to the child, balanced with Respondent's failure to prove the first to prongs of the Niken test, this Court should deny her request for a stay pending appeal.

**(4) Public Interest**

Allowing for a stay pending appeal would run contrary to the public interest of securing the prompt return of wrongfully removed children. Further, it is the goal of the Convention to "deter parents from crossing borders in search of a more sympathetic court." [Friedrich v. Friedrich (6th Circuit, 1996) 78 F.3d 1060, 1064]. The public interest in prompt execution of return orders is that the continued retention of a child lawfully deemed removable undermines the streamlined return proceedings established by the Hague Convention. The interest in prompt return is heightened when there is no finding of grave risk of harm. The courts of the country of

habitual residence are in a much better position to determine custody issues and the best interests

of the child; especially where the necessary witnesses [i.e. S.C.'s teachers, school administration,

caregivers, family and medical providers] are all available to testify and answer any questions

from the court.  This is the very reason that the Hague prohibits any such consideration – it is

merely to determine *as expediently as possible* what country has jurisdiction to make such

decisions and return that child so that the proper jurisdiction may then make those

determinations.

Therefore, because the Respondent has failed to meet in burden in showing that the

circumstances justify judicial discretion under the four-pronged <u>Nken</u> test, her Motion to Stay the

Reutrn Order should be denied.

### III.   CONCLUSION

Respondent has failed to present any basis for this Court to exercise a stay or vacate  its

February 7 Order.  Accordingly, Petitioner respectfully requests that her Motion to Vacate and

Motion to Stay Pending Appeal be denied and Order that the child is to be immediately returned

to Argentina.

Dated:  2/12/2014                          Respectfully submitted,
                                           *LAW OFFICES OF B J FADEM & ASSOCIATES, APC*


                                           s/B J Fadem, Esq.
                                           B J Fadem, Esq.
                                           LAW OFFICES OF B J FADEM & ASSOCIATES, APC
                                           San Jose Towers
                                           111 N. Market Street,  Suite 910
                                           San Jose, CA   95113
                                           408-280-1220 (Voice)
                                           408-971-9940 (Facsimile)
                                           bjfadem@fademlaw.com

1   <u>Certificate of Service</u>

2       I certify that on February 12, 2014, I caused the document entitled

3   PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO VACATE RETURN ORDER AND OPPOSITION FOR

4   STAY PENDING APPEAL to be filed electronically with the Clerk of the Court

5   through it's ECF system, and the ECF system will send an e-notice of

6   electronically with the Clerk of the Court through its ECF system, and the

7   ECF system will send an e-notice of electronic filing to the following:

8

9       Allison W. Maxim
        Maxim Law, PLLC
10      Ramsey Professional Building
        311 Ramsey Stree., Suite 201
11      Saint Paul, Minnesota 55102
        Allison@maxim-law.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28