UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS CHIRAMBERRO LARRATEGUI,<br><br>        Petitioner,<br><br>   v.<br><br>VALERIA EGUIGUREN LABORDE,<br><br>        Respondent. | No.  2:13-cv-01175 JAM-EFB<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES IN PART AND DENYING IN PART** |

    This matter is before the Court on Petitioner Daniel Carlos Chiramberro Larrategui's ("Petitioner") Motion for Attorney's Fees and Costs (Doc. #69).  Respondent Valeria Eguiguren Laborde ("Respondent") opposes Petitioner's motion (Doc. #100).  For the reasons set forth below, Petitioner's Motion for Attorney's Fees and Costs is GRANTED in part and DENIED in part.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 23, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary. After a bench trial held on December 2 through December 5, 2013, the Court granted Petitioner's petition for the return of S.C. to Argentina pursuant to the Hague Convention on the Civil Aspects of International Child Abduction of 1980 ("the Hague Convention"), implemented by the International Child Abduction Remedies Act of 1988 ("ICARA"). Pub.L. No. 100-300, 102 Stat. 437 (1988), codified at 42 U.S.C. §§ 11601-11610.1.

II.   OPINION

Petitioner seeks $55,372.14 in attorney's fees and costs pursuant to Article 26 of the Hague Convention and 42 U.S.C. § 11607 of ICARA. Where, as here, a court has ordered the return of the child to her habitual residence, the court must order the respondent-abductor to pay "necessary expenses incurred by or on behalf of the petitioner," unless it would be "clearly inappropriate." 42 U.S.C. § 11607(b)(3). The award of fees and costs serves two purposes: (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) "to deter such removal or retention." Hague International Child Abduction Convention: Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986).

A.   Award of Attorney's Fees and Costs

Respondent argues that fees are clearly inappropriate in this case because the Court's intervention was required to obtain undertakings to protect S.C., Respondent is unable to pay for

2

Petitioner's attorney's fees and costs, and Petitioner did not spend his own funds to retain representation in this matter.

First, the fact that Petitioner did not spend his own funds does not provide a basis to deny an award to Petitioner. See Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010) (holding that denying a fee award because petitioner's counsel provided their services pro bono would "encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel.")

Second, Respondent made a good faith, but unsuccessful, "grave risk" argument that S.C. had not received, and consequently would not receive, proper medical treatment in Argentina. As a result, the Court granted Petitioner's Petition for Return of Child with narrowly focused undertakings to ensure that S.C. receives the necessary medical treatments and ensures that Respondent is allowed access to and visitation with S.C. Respondent also claims that Petitioner has failed to comply with the undertakings. However, denying an award to Petitioner because the Court issued undertakings would encourage parties to always request undertakings even if the request is meritless in order to avoid paying fees and costs.

Finally, entirely denying an award to Petitioner because of Respondent's financial status would not further § 11607(b)(3)'s purposes. Kufner v. Kufner, CIV.A. 07-046 S, 2010 WL 431762, at *5 (D.R.I. Feb. 3, 2010) ("To deny any award to Petitioner [because of respondent's financial status] would undermine the dual statutory purposes of Section 11607(b)(3)—restitution and deterrence (both general as to the public and specific as to the

1 | Respondent))."

2 | Accordingly, the Court holds that it is not "clearly
3 | inappropriate" to award attorney's fees and costs to Petitioner.

4 | B.   Reduction of Fees

5 | In the alternative, Respondent argues that the total fees
6 | and costs should be reduced to $9,751.38 because certain costs
7 | are inappropriate and because she cannot afford to pay the fees
8 | and costs.[2]

9 | "The Court must next address the reasonableness of the
10 | proposed fee award under the established Ninth Circuit fee-
11 | shifting case law."  Sullivan v. Sullivan, CV-09-545-S-BLW, 2010
12 | WL 1651994, at *1 (D. Idaho Apr. 21, 2010) (citing Hensley v.
13 | Eckerhart, 461 U.S. 424, 433 (1983)).  "A reasonable attorney fee
14 | is determined by calculating the 'lodestar,' which is 'the number
15 | of hours reasonably expended on the litigation multiplied by a
16 | reasonable hourly rate.'"  Id.

17 | Respondent claims that the fees and costs Petitioner
18 | submitted are excessive and include fees for unnecessary work.
19 | Specifically, Respondent argues that she should not be required
20 | to pay for "file management," fees recorded in Spanish,
21 | "registration of Out-of-State Custody order," the interpreter who
22 | did not interpret properly, and Petitioner's attorney's traveling
23 | costs.  The Court finds that traveling costs are necessary costs
24 | because Petitioner's attorney was required to attend the
25 | hearings.  See Cuellar, 603 F.3d at 1143-44 ("We also agree with
26 | Cuellar that reasonable transportation and lodging for her

---

[2] Respondent mistakenly argues that Petitioner requests $72,100.79; however, Petitioner requests $55,372.14.

4

1  attorney to attend oral argument and postargument mediation, as
2  well as the cost of shipping briefs and other filings to this
3  court, are 'necessary expenses incurred by or on behalf of the
4  petitioner.'")  In addition, file management costs are
5  appropriate as part of the costs associated with litigation.
6     However, the Court denies the costs associated with the
7  uncertified interpreter hired on December 2, 2013, because
8  Respondent should not be required to pay for Petitioner's error.
9  See Invoice 21174, Ex. 4, attached to Mot., Doc. 69-4, at 3.
10 Because it is unclear how much Petitioner paid for the
11 uncertified interpreter, the Court denies the $400 requested for
12 translation for December 2, 2013.  Id.  The Court also denies the
13 fees recorded in Spanish in the invoices, which total $3,000,
14 because they are not appropriately documented in English.  See
15 Invoice 21094, Ex. 4, attached to Mot., at 1.  Finally, the Court
16 denies the costs for the custody order, $37.50, because it was
17 not necessary for this proceeding.  See Invoice 21174, Ex. 4,
18 attached to Mot., at 1.  The Court awards all other costs.
19 Therefore, the Court reduces the costs and fees by $3,437.50 to
20 $51,934.64.
21    Respondent also requests a 30% reduction based on her
22 financial status.  Although denying an award because of
23 Respondent's financial status would not further § 11607(b)(3)'s
24 purposes, as mentioned above, courts have recognized that they
25 have discretion to reduce any potential award to allow for the
26 financial condition of the respondent.  See, e.g., Rydder v.
27 Rydder, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing award from
28 $18,487.42 to $10,000.00 because of respondent's financial

status); <u>Berendsen v. Nichols</u>, 938 F. Supp. 737, 739 (D. Kan. 1996) (applying 15% reduction to the fee award because of respondent's financial status); <u>Salinier v. Moore</u>, No. 10-CV-00080-WYD, 2010 WL 3515699, at *4 (D. Colo. Sept. 1, 2010)(reducing award by 25% because of respondent's financial condition).  In this case, Respondent has provided evidence that she is self-employed with limited income, nominal assets, and significant debt.  Valeria Eguiguren Laborde Decl., Doc. #102.  Therefore, the Court exercises its discretion and reduces the total award by 25%.

   Accordingly, the Court awards Petitioner $38,950.98 in attorney's fees and costs.

### III.  ORDER

   For the reasons set forth above, the Court GRANTS Petitioner's motion in part and DENIES in part.  The Court awards Petitioner $38,950.98.

   IT IS SO ORDERED.

Dated: May 22, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6